Spain, J.
Appeal from an order of the County Court of Broome County (Smith, J), entered August 5, 2011, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In December 2007, defendant pleaded guilty in Broome County to criminal sexual act in the second degree and was sentenced to a prison term of 2 to 4 years. Thereafter, in October 2008, defendant pleaded guilty in Tioga County to attempted sexual abuse in the first degree and was sentenced to a prison term of 2 to 4 years to be served concurrently with the term imposed in 2007. Prior to defendant’s anticipated release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), recommending that he be classified as a risk level three sexually violent offender. Following a hearing, County Court denominated defendant a risk level three sex offender. Defendant now appeals.
We affirm. Defendant’s sole contention is that County Court erred in assessing 20 points under risk factor 4 for a continuing course of sexual misconduct. The People must establish the risk level assessment by clear and convincing evidence, and reliable hearsay, such as a sworn statement by the victim to police, may be sufficient to meet that burden (see People v Kruger, 88 AD3d 1169,1170 [2011], lv denied 18 NY3d 806 [2012]; People v Miller, 81 AD3d 1064, 1065 [2011]). Although defendant entered a guilty plea to only one charge in the Broome County matter, the court “was not limited to consideration of the crime of conviction, however, and properly viewed the victim’s statement to police” (People v Callan, 62 AD3d 1218, 1219 [2009]). Here, the 14-year-old victim gave a detailed statement to police depicting sexual contact with defendant on five separate dates in July 2007. Thus, notwithstanding defendant’s testimony to the contrary, which the court rejected as “totally incredible,” we find that the court’s determination that defendant engaged in a *1464 continuing course of sexual misconduct is supported by clear and convincing evidence (see People v Wizes, 79 AD3d 1543, 1543-1544 [2010]; People v Brownell, 66 AD3d 1060, 1061 [2009]; People v Callan, 62 AD3d at 1218-1219).
Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.