# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**689**

**KA 15-00418**

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHANNES HIRAM, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 21, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, Supreme Court properly assessed 15 points under risk factor 9 for his nonviolent felony criminal history. That assessment is supported by the reliable hearsay contained in the case summary (*see People v Thompson*, 66 AD3d 1455, 1456, *lv denied* 13 NY3d 714; *People v Ramos*, 41 AD3d 1250, 1250, *lv denied* 9 NY3d 809; *see generally People v Mingo*, 12 NY3d 563, 573), and defendant's criminal history report (*see People v Palmer*, 68 AD3d 1364, 1366; *People v Mann*, 52 AD3d 884, 886), which establish that defendant committed a felony in the State of Texas. "Although given an opportunity to discover and present evidence on the matter . . . defendant adduced nothing in opposition to those materials" (*People v Wroten*, 286 AD2d 189, 199, *lv denied* 97 NY2d 610).

We further conclude that the court properly assessed 10 points under risk factor 12 based on defendant's failure to accept responsibility. Although defendant pleaded guilty to attempted sexual abuse in the first degree (*see* Penal Law §§ 110.00, 130.65 [3]), and stated that he was sorry and "never, never wants this to happen again[,]" he denied that he touched the 10-year-old victim's vagina and also denied that his actions were motivated by sexual desire. Defendant's denials, however, are in direct contradiction to his

guilty plea of attempted sexual abuse in the first degree (*see* §§ 130.00 [3]; 130.65 [3]). Defendant's "contradictory statements, considered together, do not reflect a 'genuine acceptance of responsibility' as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (*People v Noriega*, 26 AD3d 767, 767, *lv denied* 6 NY3d 713 [internal quotation marks omitted]). Finally, defendant's contention that the People failed to present clear and convincing evidence that he in fact touched the victim's vagina is raised for the first time on appeal and is thus not preserved for our review (*see People v Smith*, 17 AD3d 1045, 1045, *lv denied* 5 NY3d 705).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court