# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

535

KA 16-00333

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

BENANCIO VASQUEZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered January 14, 2016. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that County Court erred in assessing 10 points against him for failure to accept responsibility. Although defendant pleaded guilty to the crime of course of sexual conduct against a child in the second degree and completed a sex offender treatment program, he made statements denying his guilt to a probation officer preparing the presentence report, and his statement "I accept responsibility" was suspect given its timing at the SORA hearing (*see generally People v Tilley*, 305 AD2d 1041, 1041-1042, *lv denied* 100 NY2d 588). "[T]he court properly concluded that defendant's statement[s] did not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (*People v Jamison*, 137 AD3d 1742, 1743, *lv denied* 27 NY3d 910 [internal quotation marks omitted]; *see People v Hiram*, 142 AD3d 1304, 1305, *lv denied* 28 NY3d 911; *People v Noriega*, 26 AD3d 767, 767, *lv denied* 6 NY3d 713).

We reject defendant's further contentions that the court erred in assessing 20 points against him under risk factor 3, for having two victims, and 30 points against him under risk factor 5, for the victims being under 10 years of age. "[I]t is well settled that, in determining the number [and age] of victims for SORA purposes, the

hearing court is not limited to the crime of which defendant was convicted" (*People v Robertson*, 101 AD3d 1671, 1671). Here, the court properly considered "reliable hearsay evidence" of the case summary and presentence report, which indicated both that defendant admitted sexual contact with his two daughters, and that the victims stated that the abuse occurred when they were between the ages of 4 and 13 (*People v Sincerbeaux*, 27 NY3d 683, 688; *see People v Mingo*, 12 NY3d 563, 573).

Entered: April 28, 2017                           Frances E. Cafarell
                                                  Clerk of the Court