Garry, J.P.
 

 Appeal from an order of the County Court of Saratoga County (Murphy, J.), entered May 9, 2016, which, among other things, classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
 

 In 2015, defendant pleaded guilty in Saratoga Springs City Court to the reduced charge of sexual abuse in the second degree and was sentenced to one year in jail. The plea stemmed from defendant’s conduct while an inpatient at a mental health hospital in subjecting another patient, who was sleeping, to sexual contact. In anticipation of defendant’s release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) and case summary in which defendant was assessed 90 points and presumptively classified as a risk level two sex offender. The People concurred with the Board’s recommendation. Following a hearing, City Court — the sentencing court (see Correction Law § 168-n [1]) — concluded that defendant should not be assessed points under risk factors 6 (victim characteristics-victim helpless) or 14 (release without supervision) and should be assessed only five points (not the recommended 15 points) under risk factor 9 (prior crimes). The court calculated defendant’s presumptive risk score to be 45 points and classified him as a risk level one sex offender. On the People’s appeal, County Court agreed with the Board and the People’s RAI scoring and recommendation and disagreed with City Court’s point reductions, added the recommended points under risk factors 6, 9 and 14, resulting in a total score of 90 points, and classified defendant as a risk level two sex offender. Defendant now appeals (see CPLR 5703 [b]; Hayes v City of Amsterdam, 2 AD3d 1139, 1140 [2003]; see also People v Willis, 130 AD3d 1470, 1471 [2015]), arguing that he should have been classified as a risk level one sex offender.
 
 [1]
 

 Defendant initially contends that he should not have been assessed points under risk factor 6 based upon the victim’s “physical helplessness.” The evidence established that defendant crawled into bed with the victim while she was sleeping, subjected her to sexual contact and attempted to pull down her pants. The term “physical helplessness” as used in the RAI has the same meaning as in Penal Law § 130.00 (7) (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]). “It is well established that physical helplessness is defined broadly and may include a sleeping victim” (People v Manning, 81 AD3d 1181, 1181 [2011], lv denied 18 NY3d 959 [2012]; see People v Mesko, 150 AD3d 1412, 1413-1414 [2017], lv denied 29 NY3d 1131 [Aug. 18, 2017]; People v Radage, 98 AD3d 1194, 1194-1195 [2012], lv denied 20 NY3d 855 [2012]; People v Williams, 94 AD3d 1555, 1556 [2012]; People v Smith, 16 AD3d 1033, 1034 [2005], affd 6 NY3d 827 [2006], cert denied 548 US 905 [2006]). Contrary to defendant’s claim, points may be assessed based upon a sleeping victim’s physical helplessness “even in the absence of evidence that sleep was induced by drug or alcohol use” (People v Williams, 94 AD3d at 1556; see People v DeCicco, 38 AD3d 937, 937 [2007], lv denied 8 NY3d 983 [2007]; People v Irving, 151 AD2d 605, 605-606 [1989]). Defendant conceded that the victim was asleep. As County Court correctly concluded, neither the fact that, once awakened, the victim was able to stop the abuse, nor that she received prompt assistance thereafter, undermines the appropriateness of assessing points here. Next, defendant’s challenge to the assessment of 10 points under risk factor 2 for sexual contact under clothing is unpreserved, as this assessment was conceded at the hearing (see People v Gillotti, 23 NY3d 841, 861 n 5 [2014]; People v Windham, 10 NY3d 801, 802 [2008]). In any event, this assessment of points was supported by the victim’s unchallenged, sworn account of the incident.
 

 We also find that County Court correctly assessed 15 points under risk factor 9 based upon defendant’s prior nonviolent felony conviction for attempted criminal sale of a controlled substance (see People v Hiram, 142 AD3d 1304, 1304-1305 [2016], lv denied 28 NY3d 911 [2016]).
 
 [2]
 
 City Court had reduced the points assessed for this risk factor due to the lapse of time since defendant’s prior felony conviction, but this is taken into consideration in that he was not assessed any points under risk factor 10 for recency of prior crime (see People v Scone, 145 AD3d 1327, 1328 [2016]).
 

 Further, in light of the fact that defendant was released without supervision, County Court properly concluded that 15 points should be assessed under risk factor 14 concerning defendant’s release environment (see People v Grimm, 107 AD3d 1040, 1043-1044 [2013], lv denied 21 NY3d 1042 [2013]; People v Madera, 100 AD3d 1111, 1112 [2012]). The record does not support City Court’s conclusion that the People believed supervision of defendant upon his release was unnecessary. Moreover, the purpose of the risk level determination is not punitive but, rather, for the court “to assess the risk of a repeat offense by such sex offender and the threat posed to the public safety” (Correction Law § 168-1 [5]; see People v Mingo, 12 NY3d 563, 571 [2009]). For that reason, “[t]he guidelines emphasize the importance of strict supervision to avoid repeat offenses when sex offenders are released into the community” (People v Grimm, 107 AD3d at 1043, citing Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). Accordingly, as defendant is a convicted sex offender released without supervision, points were properly assessed under this risk factor.
 

 Finally, we discern no basis upon which to conclude that County Court abused its discretion in denying defendant’s request for a downward departure (see People v Gillotti, 23 NY3d at 861).
 
 [3]
 
 To that end, we do not find that the mitigating factors put forth by defendant are of a kind or degree that were not adequately taken into consideration by the RAI and guidelines (see id.; People v Graziano, 140 AD3d at 1542).
 

 Egan Jr., Devine, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . While defendant requested, as alternative relief, a downward departure in City Court, that court did not expressly address this request in classifying him as a risk level one sex offender. On the People’s appeal to County Court, defendant again requested, as alternative relief, a downward departure, which County Court denied. To the extent that County Court interpreted City Court’s order as granting a downward departure, or a series of downward departures upon the risk factors in dispute, this is incorrect. City Court recomputed the RAI and arrived at a score of 45 points, a presumptive risk level one, and thus did not consider the downward departure request. Notably, City Court was not bound by the Board’s RAI scoring, which is a nonbinding recommendation (see Correction Law §§ 168-1 [6]; 168-n; People v Johnson, 11 NY3d 416, 421 [2008]). “Where, as here, [City C]ourt rejects the Board’s RAI calculation and recommendation in favor of its own, different presumptive risk level based upon its RAI calculation, this does not constitute [a downward] departure. Rather, it represents the court’s risk level designation in accordance with its own presumptive risk level calculation” (People v Graziano, 140 AD3d 1541, 1543 n 2 [2016], lv denied 28 NY3d 909 [2016]).
 

 [2]
 

 . The parties do not address whether this issue is preserved for our review given City Court’s reduction of points under risk factor 9, despite defendant’s failure to challenge the assessment of points under this risk factor at the hearing (see CPLR 5501 [a] [1]; compare CPL 470.05 [2]).
 

 [3]
 

 . We are not persuaded by the People’s interpretation that County Court did not pass upon defendant’s downward departure request, finding that County Court’s written decision can only be interpreted as concluding that mitigating factors were not present to warrant the requested downward departure. Further, although County Court did not expressly employ the three-part test applicable to a downward departure request (see People v Gil-lotti, 23 NY3d at 845, 861), the record is adequate to permit our review. We are satisfied that, applying the burden of proof adopted in Gillotti, defendant “did not demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines so as to warrant a downward departure” (People v Miller, 149 AD3d 1279, 1282 [2017] [internal quotation marks and citation omitted]).