People v Gulifield (2019 NY Slip Op 05706)





People v Gulifield


2019 NY Slip Op 05706


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-08714

[*1]People of State of New York, respondent,
v
Jashaad Gulifield, appellant.


James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), entered June 11, 2018, which, after a hearing, in effect, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2013, the defendant was convicted, upon his plea of guilty, of criminal sexual act in the third degree (Penal Law § 130.40[2]) and was sentenced to a term of imprisonment. Prior to his release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 110 points, making him a presumptive level three sex offender. Insofar as relevant here, the Board assessed 30 points under risk factor 9 (number and nature of prior crimes, prior violent felony, sex crime or endangering the welfare of a child) and 20 points under risk factor 13 (conduct while confined/supervised, unsatisfactory with sexual misconduct). Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed a total of 130 points, including 30 points under risk factor 9 and 20 points under risk factor 13, as well as 10 points under risk factor 1 (use of violence, used forcible compulsion) and 10 points under risk factor 12 (acceptance of responsibility). The court, in effect, denied the defendant's request for a downward departure from the presumptive risk level and adjudicated him a level three sex offender. The defendant appeals.
The County Court's designation of the defendant as a level three sex offender was supported by clear and convincing evidence. We agree with the court's assessment of 10 points against the defendant under risk factor 1 based on his use of forcible compulsion in committing the criminal sexual act. The court was not limited solely to consideration of the crime of conviction, and properly relied on the victim's grand jury testimony (see People v Sincerbeaux, 27 NY3d 683, 687-688; People v Fowara, 128 AD3d 932, 933; People v Martinez, 125 AD3d 735, 736). We also agree with the court's assessment of 30 points under risk factor 9 based upon the defendant's June 9, 2005, conviction of attempted robbery in the second degree, which is a class D violent felony offense (Penal Law §§ 70.02[1][c]; 110.00, 160.10). Contrary to the defendant's contention, a reduction in points assessed under risk factor 9 due to the lapse in time following his prior violent felony conviction would not have been appropriate. The passage of time since any prior felony convictions is taken into consideration under risk factor 10, which provides for the assessment of points based on a prior felony or sex crime committed within the three years preceding the underlying offense, [*2]and the defendant was not assessed any points under that risk factor (see People v Saravia, 154 AD3d 1022, 1024; People v Scone, 145 AD3d 1327, 1328; People v Montanez, 88 AD3d 1278, 1280). Moreover, contrary to the defendant's contentions, there was clear and convincing evidence to support the assessment of 20 points, rather than 10 points, under risk factor 13 for unsatisfactory conduct while confined, which included sexual misconduct (see People v Littles, 155 AD3d 979; People v Lawson, 90 AD3d 1006, 1007), and the assessment of 10 points under risk factor 12 for failure to accept responsibility (see People v Vega, 79 AD3d 718, 719).
We agree with the County Court's determination, in effect, denying the defendant's application for a downward departure from his presumptive risk level designation. While "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776; see People v Torres, 124 AD3d 744, 746; People v Migliaccio, 90 AD3d 879, 880), the defendant failed to submit any evidence of such an exceptional response on his part.
Accordingly, we agree with the County Court's determination designating the defendant a level three sex offender.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court