People v Valentine (2020 NY Slip Op 05666)





People v Valentine


2020 NY Slip Op 05666


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


903 KA 19-01027

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL VALENTINE, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), entered March 14, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). On appeal, defendant contends that County Court erred in assessing him 15 points under risk factor 11 and 15 points under risk factor 14.
Although we agree with defendant that the People did not establish by clear and convincing evidence that defendant was abusing drugs or alcohol at the time of the sex offense or that he had the requisite pattern of drug or alcohol use required for the court's assessment of points under risk factor 11 (see People v Kowal, 175 AD3d 1057, 1057-1058 [4th Dept 2019]), we reject defendant's contention that the court erred in assessing 15 points under risk factor 14 for release without supervision. Risk factor 14 "is premised on the theory that a sex offender should be supervised by a probation or parole officer who oversees a sex offender caseload or who otherwise specializes in the management of such offenders," and the risk assessment guidelines direct that "[a]n offender who is released without such intensive supervision is assessed points in this category" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). Here, defendant was not released to the supervision of a parole or probation officer, but rather on conditional discharge, and thus he was not subject to supervision as contemplated by risk factor 14 (see generally People v Miller, 77 AD3d 1386, 1387 [4th Dept 2010], lv denied 16 NY3d 701 [2011]). Even after the points assessed under risk factor 11 are subtracted, however, defendant remains a presumptive level three risk.
We reject defendant's further contention that the court erred in denying his request for a downward departure from his presumptive risk level. Certain of defendant's alleged mitigating factors were already accounted for by the risk assessment guidelines, and defendant failed to establish the existence of the remaining factors by the requisite preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861-864 [2014]). Even assuming, arguendo, that defendant established the mitigating factors not already contemplated by the risk assessment guidelines by a preponderance of the evidence, we nevertheless conclude that the court providently exercised its discretion in denying defendant's request for a downward departure (see generally People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court