People v Pidel (2021 NY Slip Op 04061)





People v Pidel


2021 NY Slip Op 04061


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

527083
[*1]The People of the State of New York, Respondent,
v
Thomas Pidel, Appellant.

Calendar Date:May 27, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Angela Kelley, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Lynch, J.
Appeal from an order of the County Court of Ulster County (Savona, J.), entered March 21, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In April 2005, defendant pleaded guilty to course of sexual conduct against a child in the first degree and was sentenced to 15 years in prison, followed by five years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) designating defendant as a presumptive risk level three sex offender (115 points). Following a hearing, County Court granted the People's request to raise defendant's score to 130 points and classified defendant as a risk level three sex offender with a sexually violent offender designation. Defendant appeals.
We affirm. Defendant initially contends that he was improperly assessed 30 points under risk factor 9 for his 1994 conviction by an Air Force general court-martial of the offense of indecent liberties with a child. "Under SORA, the People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the risk assessment instrument, case summary, presentence investigation report and statements provided by the victim to the police" (People v Liddle, 159 AD3d 1286, 1286 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 905 [2018]; see People v Benton, 185 AD3d 1103, 1104 [2020], lv denied 35 NY3d 916 [2020]). Risk factor 9 provides, in pertinent part, that 30 points shall be assigned if the offender "has a prior criminal history that includes a conviction or adjudication for class A felonies of [m]urder, [k]idnaping or [a]rson, a violent felony, a misdemeanor sex crime, or endangering the welfare of a child, or any adjudication for a sex offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3 [2006]). A sex offense is defined, in relevant part, as "'a conviction of . . . an offense in any other jurisdiction which includes all of the essential elements of any [registerable sex offense in New York listed in section 168-a (2) of the Correction Law]'" (People v Perez, 35 NY3d 85, 92-93 [2020], quoting Correction Law § 168-a [2] [d] [i] [emphasis omitted]). In Matter of North v Board of Examiners of Sex Offenders of State of N.Y. (8 NY3d 745, 753 [2007]), the Court of Appeals articulated that, in order to be a registerable offense in New York, "the 'essential elements' provision in SORA requires registration whenever an individual is convicted of criminal conduct in a foreign jurisdiction that, if committed in New York, would have amounted to a registerable New York offense." The Court later concluded that the "essential elements" test outlined in North is applicable in determining whether points should [*2]be assessed under risk factor 9 for a prior foreign jurisdiction conviction (People v Perez, 35 NY3d at 95).
The record reflects that defendant was convicted upon a plea under the generic provision in the Uniform Code of Military Justice prohibiting, among other things, "all conduct of a nature to bring discredit upon the armed forces" (10 USC § 934). Within this generic provision, defendant was convicted of the specific regulatory offense of indecent liberties with a child (United States v Pidel, 1996 WL 73359, *1, 1996 CCA LEXIS 25, *1 [AF Ct Crim App, Jan. 31, 1996, No. ACM 31159]; Manual for Courts-Martial, United States part IV, ¶ 87 [b] [1984]). The elements of that offense did not require physical contact with the victim, but the accused must have committed an act that amounted to the taking of indecent liberties with a victim who was under 16 years of age, with the intent "to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both" (Manual for Courts-Martial, United States part IV, ¶ 87 [b] [2] [1984]). Notably, "one who[,] with the requisite intent, exposes one's private parts to a child under 16 years of age may be found guilty of [indecent liberties with a child]" (Manual for Courts-Martial, United States part IV, ¶ 87 [c] [2] [1984]). Defendant's conviction for this offense stemmed from him exposing his penis and masturbating in front of a 13-year-old boy (United States v Pidel, 1996 WL 73359 at *1, 1996 CCA LEXIS 25 at *2).
In New York, endangering the welfare of a child forbids, as relevant here, a person "to knowingly act[] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]). This crime is not a sex offense as defined by Correction Law § 168-a (2), but the Board of Examiners of Sex Offenders "treat[s] endangering the welfare of a child as if it were a sex crime because it generally involves sexual misconduct, especially when it is part of a plea bargained disposition" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]; see People v Perez, 35 NY3d at 89). Here, it is reasonable to conclude that defendant's conduct resulting in his military court-martial conviction was likely injurious to the victim and that defendant knew as much (see People v Perez, 35 NY3d at 97; People v Simmons, 92 NY2d 829, 830 [1998]; People v Morey, 224 AD2d 730, 732 [1996], lv denied 87 NY2d 1022 [1996]). Although County Court erred in mischaracterizing defendant's court-martial offense as "a sex offense" in its order, defendant's prior conduct "was within the scope of endangering the welfare of a child under New York law" (People v Perez, 35 NY3d at 97; see People v Morey, 224 AD2d at 732) and, therefore, clear and convincing evidence supports the assessment of 30 points under risk factor 9.
Defendant also challenges County Court's additional assessment of 15 points under [*3]risk factor 11 for drug or alcohol abuse. The assessment of points under risk factor 11 is warranted "if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; see People v Williamson, 181 AD3d 1100, 1101 [2020]). "Alcohol and drug abuse are highly associated with sex offending . . . not [because they] cause deviate behavior [but,] rather, [because they] serve[] as a disinhibitor and therefore [are] a precursor to offending" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; see People v Williamson, 181 AD3d at 1101; People v Liddle, 159 AD3d at 1287). The case summary contains defendant's admission when he was received into the custody of the Department of Corrections and Community Supervision that "during the time of the instant offense he was abusing prescription medications and that, although he had always been attracted to teenagers, he believed the medication he was prescribed and abusing contributed to his actions with [the victim]." Given defendant's admission, clear and convincing evidence supports the assessment of 15 points under this risk factor (see People v Middlemiss, 153 AD3d 1096, 1097 [2017], lv denied 30 NY3d 906 [2017]; People v Filkins, 107 AD3d 1069, 1069-1070 [2013]). Inasmuch as 120 risk assessment points were properly assessed against defendant, even assuming, without deciding, that he was erroneously assessed 10 points under risk factor 10, he was correctly classified as a risk level three sex offender.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.