People v Masi (2021 NY Slip Op 04064)





People v Masi


2021 NY Slip Op 04064


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

529459
[*1]The People of the State of New York, Respondent,
v
Daniel A. Masi, Appellant.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Thomas F. Garner, Middleburgh, for appellant.
Lorraine C. Diamond, District Attorney, Fonda (Peter M. Califano of counsel), for respondent.



Clark, J.
Appeal from an order of the County Court of Montgomery County (Catena, J.), entered February 20, 2019, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In full satisfaction of a four-count indictment, defendant pleaded guilty to sexual misconduct and was sentenced to six months in the local jail with a credit for time served. The risk assessment instrument prepared in conjunction therewith presumptively classified defendant as a risk level two sex offender (95 points); the People requested that defendant be classified accordingly, and defendant objected to the points assessed under risk factors 4 and 14. By order entered February 20, 2019, County Court classified defendant as a risk level two sex offender, prompting this appeal.[FN1]
Based upon our review of the record, we are satisfied that the People met their burden of "establish[ing] the risk level classification by clear and convincing evidence" (People v Hackel, 185 AD3d 1118, 1119 [2020] [internal quotation marks and citation omitted]; see People v Benton, 185 AD3d 1103, 1104 [2020], lv denied 35 NY3d 916 [2020]; People v Munafo, 119 AD3d 1102, 1102 [2014]). The assessment of points under risk factor 4 (duration of offense/continuing course of sexual misconduct) is warranted where a defendant has, as relevant here, engaged in "two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see generally People v Hinson, 170 AD3d 1385, 1387 [2019]). The victim's grand jury testimony, which constitutes reliable hearsay (see People v Henry, 182 AD3d 939, 940 [2020], lv denied 36 NY3d 901 [2020]; People v Kruger, 88 AD3d 1169, 1170 [2011], lv denied 18 NY3d 806 [2012]), establishes that she had two sexual encounters with defendant — one involving oral sex and the other involving sexual intercourse — that occurred more than 24 hours apart. Hence, the imposition of 20 points under this risk factor was warranted.
With respect to defendant's objection to the 15 points assessed under risk factor 14 (released without supervision), that factor "'is premised on the theory that a sex offender should be supervised by a probation or parole officer who oversees a sex offender caseload or who otherwise specializes in the management of such offenders,' and the risk assessment guidelines direct that 'an offender who is released without such intensive supervision is assessed points in this category'" (People v Valentine, 187 AD3d 1681, 1681-1682 [2020], lv denied 36 NY3d 907 [2021] [brackets omitted], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Saravia, 154 AD3d 1022, 1024 [2017]; People v Grimm, 107 AD3d 1040, 1043-1044 [2013], lv denied 21 NY3d [*2]1042 [2013]). Thus, the mere fact that defendant was released without supervision justified the imposition of the points assessed for this risk factor (see People v Valentine, 187 AD3d at 1681-1682; People v Saravia, 154 AD3d at 1024; People v Grimm, 107 AD3d at 1043-1044) — regardless of the reasons underlying the nature of his release. Moreover, even if we were to accept defendant's argument on this point, his risk assessment score (80 points) nonetheless would result in a presumptive risk level two classification. To the extent that defendant asks this Court to consider a downward modification from such classification, we note that defendant made no such request at the underlying hearing, nor has he identified the existence of any mitigating factors. Accordingly, County Court's order is in all respects affirmed.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although defendant's notice of appeal makes no mention of the amended order issued by County Court in November 2020, "this technical defect does not inhibit our addressing the merits of this appeal in the interest of judicial economy" (Matter of Estate of Stafford, 111 AD3d 1216, 1217 n 1 [2013] [internal quotation marks and citation omitted], lv denied 23 NY3d 904 [2014]; see CPLR 5520 [c]).