People v Smith (2021 NY Slip Op 06403)





People v Smith


2021 NY Slip Op 06403


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

530657
[*1]The People of the State of New York, Respondent,
v
Robert R. Smith, Appellant.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Pritzker and Colangelo, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Lynch, J.
Appeal from an order of the County Court of Rensselaer County (Young, J.), entered September 4, 2019, which classified defendant as a risk level three sex offender and designated him as a sexually violent offender pursuant to the Sex Offender Registration Act.
In 2016, defendant pleaded guilty to attempted rape in the first degree in satisfaction of a 20-count indictment stemming from his protracted forcible sexual abuse of the victim beginning when she was 14 years old. He was sentenced to four years in prison, followed by 12 years of postrelease supervision.[FN1] In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6—C) designating defendant as a presumptive risk level three sex offender (110 points) and opposing any downward departure. The People completed a risk assessment instrument that also presumptively classified defendant as a risk level three sex offender (120 points), agreeing with the Board's assessment and advocating for an additional 10 points under risk factor 12 based upon defendant's failure to accept responsibility for his crimes. Defendant objected to the assessment of points under risk factors 1 (use of violence), 9 (criminal history) and 12 (acceptance of responsibility). Following a hearing, County Court assessed 110 points, declining to assess points under risk factor 12 based upon defendant's completion of a sex offender treatment program in prison, and classified him as a risk level three sex offender with a sexually violent offender designation. Defendant appeals.
Defendant contends that, under risk factor 1 for use of violence, he should have only been assessed 10 points for use of forcible compulsion and was improperly assessed 15 points for inflicting physical injury, which he argues is not supported by the record. We disagree. For purposes of risk classification, the Penal Law definition of terms is used (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]), which pain must be "'more than slight or trivial'" although "it 'need not be severe or intense'" (People v Parrish, 159 AD3d 1238, 1239 [2018] [ellipsis omitted], quoting People v Chiddick, 8 NY3d 445, 447 [2007]). The People introduced into evidence the victim's grand jury testimony, in which she recounted, among other things, that, during one incident, defendant placed his hands around her neck and squeezed, leaving her unable to breath and causing her to black out. On another occasion, while forcibly molesting her, defendant pushed her "pretty hard," causing her head to hit the concrete and, later, grabbed her head and caused it to hit the ground again. This account, that defendant choked the victim to unconsciousness and twice slammed her head on a concrete floor, [*2]in addition to the victim's statement, constituted the requisite clear and convincing evidence from which County Court could find that defendant's use of violence against the victim caused physical injury to her (see People v Chiddick, 8 NY3d at 447; People v Greene, 70 NY2d 860, 862-863 [1987]; People v Whiten, 187 AD3d 1661, 1661-1662 [2020]; People v Conklin, 158 AD3d 973, 974-975 [2018], lv denied 31 NY3d 1080 [2018]). Contrary to defendant's argument, the proof was sufficient to permit County Court to conclude that the victim suffered "more than slight or trivial pain" (People v Chiddick, 8 NY3d at 447) and that defendant's attacks were not analogous to "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980] [internal quotation marks and citation omitted]). Also unavailing is defendant's further contention that the court could not rely on the victim's testimony because it concerned, in part, the indicted charge of strangulation to which he did not enter a guilty plea, as the court was not limited to the crime of conviction in assessing defendant's risk level (see People v Tubbs, 124 AD3d 1094, 1094 [2015]; People v Ackley, 95 AD3d 1463, 1463 [2012]; People v Callan, 62 AD3d 1218, 1219 [2009]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]).
We also find without merit defendant's contention that he was denied the effective assistance of counsel based on counsel's failure to challenge the assessment of 15 points under risk factor 11 for history of drug and alcohol abuse.[FN2] The case summary and presentence report, both reliable hearsay, reflect defendant's history of alcohol and substance abuse and his admission to being under the influence of methamphetamine at the time of the instant offense, fully supporting this assessment with clear and convincing record evidence (see People v Pidel, 195 AD3d 1321, 1324 [2021]; People v Truelove, 191 AD3d 1076, 1077 [2021]). Defense counsel successfully challenged the assessment of points for acceptance of responsibility and raised other appropriate objections, and cannot be faulted for failing to challenge the assessment of points under risk factor 11 that stood "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]). "Viewing the totality of the circumstances at the time of the representation, we find that defendant was provided with meaningful representation" (People v Remonda, 158 AD3d 904, 905 [2018] [internal quotation marks, brackets and citation omitted], lv denied 31 NY3d 910 [2018]).
Defendant also challenges the addition of 15 points under risk factor 9 for his 2008 felony conviction in Missouri of criminal possession of a controlled substance. Defendant argues that the People did not establish that his Missouri conviction would constitute a felony in this state, an objection he raised at the hearing. Risk factor 9, which takes into consideration [*3]the number and nature of defendant's prior crimes, permits, as relevant here, the addition of 15 points for a prior nonviolent felony conviction (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]). Subsequent to County Court's determination here, the Court of Appeals adopted a "less rigid approach" to the assessment of points under risk factor 9 that does not require "strict equivalency" but, rather, compares the "essential elements" of the foreign felony conviction to New York felony offenses to determine whether points should be assessed for the foreign conviction (People v Perez, 35 NY3d 85, 94 [2020]). The essential elements test "requires that the Board compare the elements of the foreign offense with the analogous New York offense to identify points of overlap. . . . In circumstances where the offenses overlap but the foreign offense also criminalizes conduct not covered under the New York offense, the Board must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the New York offense" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]; see People v Perez, 35 NY3d at 92-94; People v Pidel, 195 AD3d at 1323-1324; People v Cremeans, 194 AD3d 1369, 1370 [2021], lv denied 37 NY3d 910 [2021]).
The Missouri statute under which defendant was convicted requires that a person "knowingly possesses a controlled substance" (Mo Ann Stat § 579.015 [1] [West 2016] [transferred from Mo Ann Stat § 195.202]), with no minimum drug quantity required (see State v Kopp, 325 SW3d 466, 468 [Mo. Ct App 2010]). Although criminal possession of a controlled substance is, most often, a felony in New York (see Penal Law §§ 220.21, 220.18, 220.16, 220.09, 220.06), the felony provisions all contain a weight element or require an intent to sell or a predicate conviction, whereas possession of a quantity of a controlled substance below the felony threshold constitutes a class A misdemeanor (see Penal Law § 220.03). Here, the facts and conduct underlying the Missouri conviction of criminal possession of a controlled substance are not in the record and, thus, it is unclear if the conduct underlying that conviction would constitute a felony in New York (cf. People v Pidel, 195 AD3d at 1323). Accordingly, we are constrained to conclude that the record only supports the assessment of 5 points, not 15 points, under risk factor 9. Deducting 10 points from the total score of 110 results in a score of 100, placing defendant in the classification of a presumptive risk level two sex offender. However, the People expressly argued that, if defendant were found to be a risk level two sex offender, an upward departure would be warranted. In light of our holding that defendant is a presumptive risk level two sex offender, the matter must be remitted for County Court to consider whether an upward departure is warranted (see People v Hinson[*4], 170 AD3d 1385, 1388 [2019]).[FN3]
Garry, P.J., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Defendant also pleaded guilty under a separate indictment to reckless endangerment in the second degree, for which he was sentenced to a concurrent one-year jail term.

Footnote 2: We assume without deciding that defendant was entitled to the effective assistance of counsel at this non-criminal proceeding (see People v Allen, 177 AD3d 1224, 1225 n 2 [2019]; see also People v Stevens, 91 NY2d 270, 277 [1998]).

Footnote 3: County Court had no opportunity to consider whether an upward departure was warranted, given its conclusion that defendant was a presumptive risk level three sex offender. Although the court stated in its order that it "finds no basis for a departure," we understand that to mean that a downward departure from a risk level three classification was not warranted.