People v Ortiz (2023 NY Slip Op 03522)

People v Ortiz

2023 NY Slip Op 03522

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

533708
[*1]The People of the State of New York, Appellant,
v
Jose Ortiz, Respondent.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered May 14, 2021 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In December 2019, defendant pleaded guilty to a superior court information charging him with attempted sexual abuse in the first degree and he was sentenced to 1½ years in prison, to be followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying defendant as a risk level one sex offender (65 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). The People submitted a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (85 points). Following a hearing, Supreme Court classified defendant as a risk level two sex offender with a sexually violent offender designation and denied defendant's request for a downward departure. Defendant appeals.
Defendant's sole challenge on appeal is that Supreme Court erred in assigning him 20 points under risk factor 4 for continuing course of sexual misconduct. "The People bear the burden of proving the facts supporting the determination of a defendant's risk level by clear and convincing evidence" (People v Davis, 135 AD3d 1256, 1256 [3d Dept 2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 904 [2016]; see People v Howland, 211 AD3d 1189, 1190 [3d Dept 2022]). As relevant here, the People were required to establish by clear and convincing evidence that defendant had engaged in "three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Teal, 158 AD3d 902, 903 [3d Dept 2018], lv denied 32 NY3d 901 [2018]). In assessing points under this risk factor, Supreme Court "was not limited to the crime to which defendant pleaded guilty but could, instead, consider reliable hearsay evidence in the record" (People v Darrah, 153 AD3d 1528, 1528 [3d Dept 2017]; see People v Ackley, 95 AD3d 1463, 1463 [3d Dept 2012]), including sworn felony complaints (see People v Mingo, 12 NY3d 563, 573 [2009]). Contrary to defendant's contention, the description of defendant's conduct in a sworn felony complaint provided clear and convincing evidence of a continuing course of sexual misconduct warranting the assessment of 20 points under risk factor 4 (see id. at 576-577; People v DeJesus, 127 AD3d 1047, 1047 [2nd Dept 2015], lv denied 25 NY3d 913 [2015]). As such, we decline to disturb the determination.
Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.