People v Solomon-Crockton (2024 NY Slip Op 02438)

People v Solomon-crockton

2024 NY Slip Op 02438

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

250 KA 21-00775

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL SOLOMON-CROCKTON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Douglas A. Randall, A.J.), entered May 6, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, Supreme Court properly assessed 15 points under risk factor 14 for release without supervision. Risk factor 14 "is premised on the theory that a sex offender should be supervised by a probation or parole officer who oversees a sex offender caseload or who otherwise specializes in the management of such offenders," and the risk assessment guidelines direct that "[a]n offender who is released without such intensive supervision is assessed points in this category" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006] [Guidelines]). The Guidelines expressly address the situation in which "the offender was convicted in a jurisdiction other than New York and subsequently relocates to New York" (id.), and provide that, "[i]f such an offender satisfactorily completed the terms of that jurisdiction's community supervision, [the offender] will be scored 0 points in this category" (id. [emphasis added]).
Here, after his conviction of a sexual offense in Florida, defendant violated the terms of his community supervision two times and completed serving his maximum sentence while incarcerated. Thus, "at the time the court made the SORA determination, defendant was no longer under any supervision" (People v Miller, 77 AD3d 1386, 1387 [4th Dept 2010], lv denied 16 NY3d 701 [2011]; see People v Mathews, 181 AD3d 1103, 1104-1105 [3d Dept 2020]; People v Middlemiss, 153 AD3d 1096, 1098 [3d Dept 2017], lv denied 30 NY3d 906 [2017]; People v Leeks, 43 AD3d 1251, 1252 [3d Dept 2007]), and the "fact that defendant was released without supervision justified the imposition of the points assessed for this risk factor" (People v Masi, 195 AD3d 1328, 1329 [3d Dept 2021]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court