People v Werner (2024 NY Slip Op 04641)

People v Werner

2024 NY Slip Op 04641

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

533266
[*1]The People of the State of New York, Respondent,
v
Matthew J. Werner, Appellant.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Garry, P.J.
Appeal from an order of the County Court of Saratoga County (James A. Murphy III, J.), entered July 8, 2019, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2016, defendant pleaded guilty to sexual abuse in the first degree in satisfaction of a six-count indictment stemming from his sexual assault of the victim, in the presence of her young child. Based upon defendant's admitted postplea violation of orders of protection in favor of the victim and the child, he was sentenced to a renegotiated, enhanced prison sentence of four years, to be followed by 10 years of postrelease supervision, in satisfaction of additional potential felony charges and consecutive sentences. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that assigned him a total of 40 points, presumptively placing him in the risk level one classification, but recommended an upward departure to a risk level two based upon the extent and nature of defendant's criminal history. The People, in turn, assigned a total of 95 points — a presumptive risk level two classification — by adding 20 points under risk factor 3 for two victims, 30 points under risk factor 9 for his prior crimes and 10 points under risk factor 13 for conduct while confined. Following a hearing at which defendant testified and argued that County Court should adopt the Board's assessment of points but not its upward departure request, the court agreed with the People's assignment of 95 points and classified him as a risk level two sex offender, with a sexually violent offender designation. Defendant appeals.
Initially, defendant mischaracterizes County Court's order as an "upward departure" from the presumptive risk level in that it did not adopt the Board's risk-level recommendation. County Court is "not bound by the Board's RAI scoring, which is a nonbinding recommendation" (People v Saravia, 154 AD3d 1022, 1023 n 1 [3d Dept 2017]; see Correction Law § 168-l [6]). Moreover, as we have previously emphasized, "[w]here, as here, the court rejects the Board's RAI calculation and recommendation in favor of its own [or the People's], different presumptive risk level based upon [different] RAI calculation[s], this does not constitute an upward departure. Rather, it represents the court's risk level designation in accordance with its own presumptive risk level calculation" (People v Graziano, 140 AD3d 1541, 1543 n 2 [3d Dept 2016], lv denied 28 NY3d 909 [2016]; see People v Shook, 199 AD3d 1177, 1178-1179 [3d Dept 2021]; People v Saravia, 154 AD3d at 1023 n 1). As such, the court did not grant the request for an upward modification from the presumptive risk level classification but, rather, based its classification on its adoption of the People's RAI calculation of 95 points, a presumptive risk level two[*2].
Defendant challenges County Court's assessment of 20 points under risk factor 3, which was based upon its finding that the child who witnessed the sexual assault was a second victim. As the court noted, the evidence admitted at the hearing — including the victim's supporting deposition and her mother's grand jury testimony that she had entered the bedroom during the attack and saw the child awake and next to the bed as defendant sexually assaulted the victim — established that the child was also a victim for purposes of risk factor 3 (see People v Darrah, 153 AD3d 1528, 1528-1529 [3d Dept 2017]; People v Whyte, 89 AD3d 1407, 1408 [4th Dept 2011]; cf. People v Menjivar, 121 AD3d 660, 661 [2d Dept 2014], lv denied 24 NY3d 915 [2015]). Notably, as a result of the child witnessing the violent assault, defendant was also indicted for endangering the welfare of a child; although he was allowed to enter a guilty plea to the sexual abuse charge in satisfaction of the indictment, the court "was not limited to the crime to which defendant pleaded guilty but could, instead, consider reliable hearsay evidence in the record" (People v Ortiz, 217 AD3d 1290, 1291 [3d Dept 2023] [internal quotation marks and citations omitted]; see People v Mingo, 12 NY3d 563, 573 [2009]). Defendant admitted at the hearing that the child was present during the assault, and, to the extent he relied on the fact that he did not then touch the child, "actual, physical sexual contact between the offender and victim" is not required for purposes of risk factor 3 (People v James, 165 AD3d 850, 851 [2d Dept 2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 916 [2019]; accord People v Davila, 208 AD3d 694, 695 [2d Dept 2022], lv denied 39 NY3d 906 [2023]). Accordingly, County Court's inclusion of 20 points under risk factor 3 was properly supported (see Correction Law § 168-n [3]; People v Sincerbeaux, 27 NY3d 683, 687-688 [2016]).
Defendant further challenges the assessment of 30 points under risk factor 9, for the number and nature of his prior crimes, claiming that he was not previously convicted of a violent felony, as County Court found, and should have been assessed only five points for a prior nonfelony, nonsex crime. Risk factor 9 provides, in pertinent part, that 30 points are assigned if the offender "has a prior criminal history that includes a conviction or adjudication for the class A felonies of [m]urder, [k]idnaping or [a]rson, a violent felony, a misdemeanor sex crime, or endangering the welfare of a child, or any adjudication for a sex offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, risk factor 9 [2006]). At the hearing, the People submitted documentary evidence that, in 2011, defendant was convicted in Massachusetts, upon his guilty pleas, of attempted murder — a felony — and assault and battery — a misdemeanor — stemming from his conduct in choking an 11-month-old child (see Mass Gen Laws, ch 265, §§ 16, 13A[*3][a]). The court found that the out-of-state conviction for attempting to murder a child by strangulation was comparable to attempted murder in New York and that the conduct underlying that conviction is within the scope of that New York crime, which is a violent felony (see People v Perez, 35 NY3d 85, 93-95 [2020]; People v Pidel, 195 AD3d 1321, 1322-1323 [3d Dept 2021], lv denied 37 NY3d 915 [2021]; see also Penal Law §§ 70.02 [1] [a]; 110.00, 125.25; People v Smith, 199 AD3d 1188, 1191 [3d Dept 2021]).[FN1] Defendant's contention that he did not enter a guilty plea to attempted murder in Massachusetts and only pleaded guilty to assault and battery is belied by the documentary evidence submitted at the hearing; notably, when he was sentenced in 2016 for sexual assault, defendant did not dispute that he had been previously convicted of a felony in Massachusetts, as is documented in the presentence report. We thus discern no error in the assignment of 30 points under risk factor 9 based upon defendant's prior conviction for a violent felony.
We further find that County Court properly assessed 10 points under risk factor 13 for unsatisfactory conduct while confined. The People demonstrated that while in jail following his 2016 guilty plea to sexual abuse in the first degree, defendant violated the stay-away orders of protection in favor of the victim and the child by writing to them, conduct constituting criminal contempt; defendant admitted this conduct at sentencing in exchange for an enhanced sentence that satisfied potential additional criminal charges. Violating an order of protection designed to protect the victim of a sex offense is postoffense conduct while confined that was appropriately taken into consideration in assessing points under risk factor 13 (see People v Current, 147 AD3d 1235, 1238 [3d Dept 2017]; People v Correnti, 139 AD3d 689, 690 [2d Dept 2016], lv denied 27 NY3d 912 [2016]). The fact that criminal or disciplinary charges were not brought, as the conduct was addressed in the context of enhanced sentencing on his guilty plea, does not alter the finding that it was relevant unsatisfactory postoffense behavior while confined that is predictive of recidivism (see People v Warren, 42 AD3d 593, 594-595 [3d Dept 2007], lv denied 9 NY3d 810 [2007]). Defendant's remaining claims have been examined and found to be without merit.
Pritzker, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Notably, there are several other New York violent felonies with elements encompassing the conduct for which defendant was convicted in Massachusetts, including assault in the second degree and strangulation in the second degree (see Penal Law §§ 70.02 [1] [c]; 120.05, 121.12). Further, even if the out-of-state conviction were deemed a nonviolent felony, 15 points would be assignable under risk factor 9, for a total RAI score of 80 points, which is still a presumptive risk level two.