People v Menge (2024 NY Slip Op 04846)

People v Menge

2024 NY Slip Op 04846

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

534158
[*1]The People of the State of New York, Respondent,
v
George Menge, Appellant.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Angela Kelley, East Greenbush, for appellant.
Robert S. Rosborough IV, Special Prosecutor, Albany, for respondent.

Aarons, J.
Appeal from an order of the County Court of Saratoga County (James A. Murphy III, J.), entered July 6, 2021, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant waived indictment and pleaded guilty to a superior court information charging him with unlawful surveillance in the second degree — stemming from defendant's conduct in taking pictures of the victim while she was naked and unconscious in his bathroom — and was sentenced to a prison term of 1 to 3 years. In anticipation of defendant's release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that scored defendant with a total of 30 points, presumptively classifying him as a risk level one sex offender. The People prepared their own risk assessment instrument assessing a total of 80 points, including 25 points under risk factor 2 (sexual contact with victim) and 20 points under risk factor 7 (abuse of a professional relationship), presumptively classifying defendant as a risk level two sex offender, and further sought an upward departure to a risk level three sex offender. Following a hearing at which defendant challenged the points assessed under risk factors 2 and 7, County Court determined that the People had met their burden of establishing a score of 80 points, denied the request for an upward departure and classified defendant as a risk level two sex offender. Defendant appeals.
Defendant contends that he was improperly assessed 25 points under risk factor 2 for aggravated sexual abuse, particularly because he was not criminally charged with such conduct. We disagree. Although the Penal Law does not specifically define aggravated sexual abuse, such conduct is established where a person, other than for valid medical purposes, "inserts a foreign object in the vagina . . . of another person" and, as is relevant here, that other person is incapable of consent "by reason of some factor other than being less than [17] years old," including by reason of being physically helpless regardless of whether such conduct causes physical injury to the other person (Penal Law § 130.65-a; see Penal Law §§ 130.66 [1] [b]; 130.70 [1] [b]). Although the lack of a conviction of — or even being charged with — any aggravated sexual abuse offense can constitute strong evidence that the offense did not occur (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]), "the court was not limited to the crime of conviction in assessing defendant's risk level," as it could be premised on other reliable hearsay evidence (People v Smith, 199 AD3d 1188, 1190 [3d Dept 2021]; see People v Sincerbeaux, 27 NY3d 683, 687-688 [2016]; People v Tubbs, 124 AD3d 1094, 1094 [3d Dept 2015]; People v Snay, 122 AD3d 1012, 1013 [3d Dept 2014], lv denied 24 NY3d 916 [2015]; see also Sex Offender Registration Act: Risk Assessment Guidelines [*2]and Commentary at 5 [2006]).
Here, County Court was presented with the victim's sworn statement regarding the incident wherein she states that she was referred to defendant for a photo shoot in order to start her pursuit of modeling. At the first photo shoot, defendant took several photographs of her, including naked photographs. Just over a week later, the victim contacted defendant and arranged a second photo shoot. Part of the second photo shoot took place at defendant's apartment, where the victim agreed to be photographed in her underwear while tied up and blindfolded. According to the victim's statement, defendant began pouring a large amount of liquor into her mouth while she was blindfolded. The statement continues that defendant began inserting a dildo in her vagina and her mouth and continued this conduct even though she told him to stop. The victim stated that she did not remember anything until early the next morning, when she observed that her vagina and throat hurt. She left defendant's apartment and drove to the hospital where a Sexual Assault Nurse Examination and other testing were performed.
The presentence report reflects that the victim's examination at the emergency room revealed, among other things, a half-inch tear in her vagina. We conclude that the victim's sworn statement and other reliable hearsay information establish by clear and convincing evidence that defendant inserted a foreign object into the victim's vagina while she was incapable of consent due to intoxication, causing physical injury to the victim so as to warrant assessment of 25 points under risk factor 2 (see People v Mingo, 12 NY3d 563, 571-572 [2009]; People v Parrish, 159 AD3d 1238, 1239-1240 [3d Dept 2018]; People v Snay, 122 AD3d at 1013).
We also find without merit defendant's contention that County Court improperly assessed 20 points under risk factor 7 for abuse of a professional relationship. The presentence report and victim statement both reflect that the victim was an aspiring model and was advised by an acquaintance to contact defendant for the purpose of setting up a photo shoot as he would be a good place to start her modeling career. The victim's statement reflects that her relationship with defendant was for that purpose. Defendant's assertion that his photography was a hobby, not a profession, does not preclude the assessment of points under risk factor 7, as points are warranted where the crime "arose in the context of a professional or avocational relationship between the [defendant] and the victim and was an abuse of such relationship" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). In view of the foregoing, sufficient evidence was submitted to meet the People's burden by clear and convincing evidence to warrant the assessment of 20 points under risk factor 7.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.