■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT WIDOM, Appellant. [39 NYS3d 469]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Corrigan, J.), dated January 20, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant pleaded guilty to one count of possessing a sexual performance by a child and two counts of attempted dissemination of indecent material to a minor in the first degree. After a hearing pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the Supreme Court determined that the defendant was a presumptive level one sex offender based on the defendant's total score on the risk assessment instrument. However, the court determined that an upward departure from the presumptive risk level was warranted under the circumstances. Accordingly, in the order appealed from, the court upwardly departed from the presumptive risk level and designated the defendant a level two sex offender. On appeal, the defendant contends that the People failed to sustain their burden of establishing the existence of aggravating factors warranting an upward departure from the presumptive risk level.

An aggravating factor that may support an upward departure from an offender's presumptive risk level "is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level" calculated on the risk assessment instrument (*People v Wyatt*, 89 AD3d 112, 121 [2011]; *see People v DeDona*, 102 AD3d 58, 68 [2012]). Where, as here, the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v DeDona*, 102 AD3d at 68; *People v Wyatt*, 89 AD3d at 121; *see also* Sex Offender Registration Act:

Risk Assessment Guidelines and Commentary at 4 [2006]). Once this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an under-assessment of the offender's actual risk to the public (*see People v Gillotti*, 23 NY3d at 861; *People v DeDona*, 102 AD3d at 68; *People v Wyatt*, 89 AD3d at 121, 123).

Here, the People sustained their burden of identifying and proving aggravating factors that were not adequately taken into account by the risk assessment instrument and that tended to establish a higher likelihood of reoffense or danger to the community. The record demonstrated that the nature of the child pornography that the defendant downloaded from the internet included, among other things, depictions of children subjected to extreme violence and cruelty (*see People v Labrake*, 121 AD3d 1134, 1135 [2014]; *People v Rotunno*, 117 AD3d 1019, 1019 [2014]; *see also People v Rossano*, 140 AD3d 1042, 1043 [2016]). Moreover, the record established that the defendant attempted to engage in sexually explicit communications with a 15-year-old child, that he attempted to arrange a meeting with the 15-year-old child, and that he actually traveled to the designated meeting place at the prescribed time (*see People v DeDona*, 102 AD3d at 68). Contrary to the defendant's contention, these circumstances constituted aggravating factors that were not adequately taken into account by the risk assessment instrument (*see People v Gillotti*, 23 NY3d at 861; *People v Labrake*, 121 AD3d at 1135; *People v Rotunno*, 117 AD3d at 1019; *People v DeDona*, 102 AD3d at 68; *see also* Board of Examiners of Sex Offenders, Scoring of Child Pornography Cases Position Statement [June 1, 2012]). Accordingly, these factors were properly relied upon by the Supreme Court as a basis for its determination to upwardly depart from the presumptive risk level (*see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4). Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.