# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**221**

**KA 15-01529**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ANDREW J. ASKINS, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (William F. Kocher, J.), dated November 18, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that County Court erred in assessing 10 points in the risk assessment instrument for failing to accept responsibility. Defendant contends that he accepted responsibility by pleading guilty and by admitting his guilt in sex offender therapy. In his postarrest statements to the police, however, defendant denied any sexual contact with the victim (*see People v Teagle*, 64 AD3d 549, 550). In addition, in therapy, defendant substantially minimized the extent of the contact he had with the victim. Taking all of defendant's statements together, we conclude that they "do not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (*People v Noriega*, 26 AD3d 767, 767, *lv denied* 6 NY3d 713 [internal quotation marks omitted]; *see People v Benitez*, 140 AD3d 1140, 1140-1141, *lv denied* 28 NY3d 908).

Defendant further contends that the court erred in denying his request for a downward departure because the victim's lack of consent was based only on her age, and a psychologist's evaluation of defendant using the Static-99R found that he was at a low to moderate risk of reoffending. Defendant's contention is preserved for our review only in part (*see People v Iverson*, 90 AD3d 1561, 1562, *lv*

*denied* 18 NY3d 811).  In any event, we reject his contention.  The psychologist did not dispute that other risk assessment instruments showed that defendant was at a moderate to high risk of reoffending. In addition, while the nonforcible nature of the offense may be a mitigating factor (*see People v George*, 141 AD3d 1177, 1178), the court "was not required to consider the mitigating factor in a vacuum without considering any aggravating factors that would weigh against a downward departure" (*People v Sincerbeaux*, 27 NY3d 683, 690).  Here, defendant violated the terms of his probation by possessing pornography, which contained themes of rape, violence, and bestiality. That aggravating factor was not adequately taken into account by the risk assessment instrument (*see People v Widom*, 143 AD3d 688, 689; *People v Burke*, 139 AD3d 1268, 1269-1270, *lv denied* 28 NY3d 909). Therefore, considering the "totality of the circumstances," we conclude that the court providently exercised its discretion in denying defendant's request for a downward departure (*People v Gillotti*, 23 NY3d 841, 861).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court