◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN B. COOPER, Appellant. [53 NYS3d 366]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated April 29, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant pleaded guilty in federal court to the crimes of travel with intent to commit sexual abuse of a minor, in violation of 18 USC §§ 2243 (a) and 2423 (b), and possession of child pornography transported in interstate commerce by means of computer, in violation of 18 USC § 2252A (a) (5) (B). After a hearing pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the Supreme Court determined that the defendant was a presumptive level two sex offender based on his total score on the risk assessment instrument. However, the court determined that an upward departure from the presumptive risk level was warranted under the circumstances. Accordingly, in the order appealed from, the court upwardly departed from the presumptive risk level and designated the defendant a level three sex offender. On appeal, the defendant contends that the People

failed to sustain their burden of establishing the existence of aggravating factors warranting an upward departure from the presumptive risk level.

An aggravating factor that may support an upward departure from an offender's presumptive risk level "is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level" calculated on the risk assessment instrument (*People v Wyatt*, 89 AD3d 112, 121 [2011]; *see People v DeDona*, 102 AD3d 58, 68 [2012]). Where, as here, the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Shim*, 139 AD3d 68, 76 [2016]; *People v DeDona*, 102 AD3d at 68; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Once this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the aggravating factor indicates that the point score on the risk assessment instrument has resulted in an under-assessment of the offender's actual risk to the public (*see People v Gillotti*, 23 NY3d at 861; *People v DeDona*, 102 AD3d at 68; *People v Wyatt*, 89 AD3d at 121, 123).

Here, the People sustained their burden of identifying and proving aggravating factors that were not adequately taken into account by the risk assessment instrument and that tended to establish a higher likelihood of reoffense or danger to the community. Among other things, the record demonstrated that the defendant possessed thousands of images of child pornography, some of which depicted acts of violence involving children (*see People v Widom*, 143 AD3d 688, 689 [2016]; *People v Rotunno*, 117 AD3d 1019 [2014]), and that the defendant made a concerted effort to travel abroad to develop a sexual relationship with a minor, and actually did so (*see People v Widom*, 143 AD3d at 689; *cf. People v DeDona*, 102 AD3d at 69). Accordingly, these factors were properly relied upon by the Supreme Court as a basis for its determination to upwardly depart from the presumptive risk level (*see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4), and the court providently exercised its discretion in granting the People's application for an upward departure from the presumptive sex offender risk level. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.