■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD J. COLSRUD, Appellant. [63 NYS3d 771]—

Appeal from an order of the Steuben County Court (Marianne Furfure, A.J.), dated December 15, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing points under the risk factor for failure to accept responsibility for his actions. We reject that contention. In statements to the probation officer preparing the presentence report, defendant denied committing the offense and indicated that the victim must have drugged him. We conclude that those statements "constitute clear and convincing evidence of defendant's failure to accept responsibility, thus justifying the assessment of 10 additional points for that risk factor" (*People v Urbanski*, 74 AD3d 1882, 1883 [4th Dept 2010], *lv denied* 15 NY3d 707 [2010]; *see People v Baker*, 57 AD3d 1472, 1473 [4th Dept 2008], *lv denied* 12 NY3d 706 [2009]).

We reject defendant's further contention that the court erred in granting the People's request for an upward departure from his presumptive classification as a level two risk. " 'The court's discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument' " (*People v Tidd*, 128 AD3d 1537, 1537 [4th Dept 2015], *lv denied* 25 NY3d 913 [2015]). The People established by clear and convincing evidence that defendant had been convicted of endangering the welfare of a child, and that such conviction arose from an incident occurring contemporaneously with the acts that form the basis of the indictment herein. That contemporaneous conviction provides the basis for an upward departure inasmuch it is " 'indicative that the offender poses an increased risk to public safety' " (*People v Ryan*, 96 AD3d 1692, 1693 [4th Dept 2012], *lv denied* 20 NY3d 929 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]; *see People v Neuer*, 86 AD3d 926, 927 [4th Dept 2011], *lv denied* 17 NY3d 716 [2011]; *People v Vasquez*, 49 AD3d 1282, 1284-1285 [4th Dept 2008]). Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.