People v Perez (2018 NY Slip Op 00666)





People v Perez


2018 NY Slip Op 00666


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


68 KA 16-00156

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL PEREZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered December 14, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk to a level two risk. We reject that contention.
It is well settled that when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are, "as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines," a court "must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure" from a sex offender's presumptive risk level (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Sincerbeaux, 27 NY3d 683, 689-690 [2016]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the People established by clear and convincing evidence that, concurrent with his conviction in Florida of the felony sex offense underlying the present registration, defendant was convicted of two counts of attempted false imprisonment arising from an incident occurring several months after he was arrested for the underlying sex offense in which he attempted to lure two female children under the age of 13 into his vehicle. The court properly determined that the concurrent conviction is an aggravating factor not taken into account by the risk assessment guidelines that provides a basis for an upward departure inasmuch as it is "indicative that the offender poses an increased risk to public safety" (Risk Assessment Guidelines and Commentary at 14; see People v Colsrud, 155 AD3d 1601, 1602 [4th Dept 2017]; People v Neuer, 86 AD3d 926, 927 [4th Dept 2011], lv denied 17 NY3d 716 [2011]). Contrary to defendant's further contention, his two more recent convictions based on his failure to register as a sex offender are "not adequately taken into consideration by the risk assessment guidelines and [were] properly considered as [further] justification for the upward departure" (People v Roberts, 54 AD3d 1106, 1107 [3d Dept 2008], lv denied 11 NY3d 713 [2008]; see People v Allen, 151 AD3d 1087, 1088 [2d Dept 2017], lv denied 30 NY3d 903 [2017]; People v Brown, 149 AD3d 411, 411 [1st Dept 2017], lv denied 29 NY3d 914 [2017]; People v Staples, 37 AD3d 1099, 1099 [4th Dept 2007], lv denied 8 NY3d 813 [2007]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court