People v DePerno (2018 NY Slip Op 06835)





People v DePERNO


2018 NY Slip Op 06835


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

524391

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIEL W. DePERNO, Appellant.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the County Court of Cortland County (Campbell, J.), entered December 27, 2016, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant, a former college professor, was charged in a 31-count indictment with various crimes stemming from numerous instances of inappropriate sexual contact that he had over the course of several years with a female who resided in his household, starting when she was less than 15 years old. In satisfaction thereof, he pleaded guilty to criminal sexual act in the second degree, rape in the second degree and rape in the third degree, and was ultimately sentenced to an aggregate prison term of 3&frac13; to 10 years (People v DePerno, 111 AD3d 1058 [2013]). Prior to defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that placed him in the presumptive risk level one classification (65 points), but recommended an upward departure to risk level two. Following a SORA hearing, County Court determined that defendant was in the presumptive risk level two classification under the RAI (75 points), but concluded that an upward departure was warranted based upon defendant's manipulative and controlling behavior that was not adequately reflected in the RAI. Accordingly, the court issued an order classifying defendant as a risk level three sex offender, and he now appeals.
Defendant contends, among other things, that County Court improperly assigned 10 points under risk factor 12 of the RAI for his failure to accept responsibility for his crimes given that he successfully completed the Sex Offender Counseling and Treatment Program (hereinafter SOCTP) and expressed remorse for his actions. We are not persuaded. Initially, defendant's successful completion of the SOCTP does not establish his acceptance of responsibility under risk factor 12, as the RAI lists a defendant's refusal to participate in or expulsion from the [*2]SOCTP as a subcategory under this risk factor for which 15 points may be assessed. Inasmuch as no points were assessed against defendant under this subcategory, he received credit under the RAI for his successful completion of the SOCTP (see e.g. People v Riverso, 96 AD3d 1533, 1534 [2012]).
The sex offender guidelines provide that, in evaluating a defendant's acceptance of responsibility under risk factor 12, the "the Board or court should examine the offender's most recent credible statements and should seek evidence of genuine acceptance of responsibility" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). Although defendant pleaded guilty to the crimes at issue and indicated at sentencing that he was to blame and was sorry for his actions, he stated during his probation interview that the victim was a willing participant and encouraged the sexual activity. Moreover, in his subsequent statement to the Board of Parole, he appeared to attribute his conduct to depression that he was experiencing following his wife's recent miscarriage. In addition, in his CPL article 440 motion, defendant maintained his innocence and portrayed the victim as a liar, asserting that she was not forced to engage in sexual acts. Furthermore, in his affidavit submitted pursuant to Correction Law § 168-n (3), defendant referred to his sexual encounters with the victim as an "affair" and suggested that they were consensual and that the victim had misrepresented her age. In view of the above, we find that the record amply supports County Court's conclusion that defendant failed to genuinely accept responsibility for his actions and its assignment of 10 points under risk factor 12 (see People v Colsrud, 155 AD3d 1601, 1601 [2017]; People v Vasquez, 149 AD3d 1584, 1585 [2017], lv denied 29 NY3d 916 [2017]; People v Askins, 148 AD3d 1598, 1598-1599 [2017], lv denied 29 NY3d 912 [2017]).
Defendant further contends that County Court erroneously granted an upward departure and classified him as a risk level three sex offender based on his manipulative and controlling behavior because such behavior is characteristic of sex crimes involving minors and was adequately reflected in the RAI. We disagree. "[A]n upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence'" (People v Eiss, 158 AD3d 905, 906 [2018], lv denied 31 NY3d 907 [2018], quoting People v Guyette, 140 AD3d 1555, 1556 [2016]; see People v Colsrud, 155 AD3d at 1602). Here, the record discloses that defendant engaged in a prolonged pattern of calculated and threatening conduct directed at maintaining control over the victim that was not adequately taken into account by the RAI. Indeed, in addition to compelling the victim to engage in sexual acts with him on a regular basis, defendant was verbally abusive toward the victim if she rebuffed his sexual advances, read her personal email and text messages, closely monitored her social interactions, threatened her friend and her boyfriend, injected himself as her advisor when she entered college and admitted that after she moved out of the family residence he, without permission, entered her apartment and took some of her belongings. In addition, defendant solicited both his wife and his mother to assist him in covering up his crimes by destroying incriminating evidence. Under the circumstances presented, defendant's manipulative and controlling conduct is an aggravating factor supported by clear and convincing evidence and was appropriately considered by County Court in imposing an upward departure and classifying defendant as a risk level three sex offender (see People v Cullen, 160 AD3d 1142, 1143 [2018], lv denied 31 NY3d 913 [2018]; People v Sabin, 139 AD3d 1282, 1283 [2016], lv denied 28 NY3d 905 [2016]). Lastly, we find no error in County Court's denial of defendant's request for a downward departure.
Lynch, Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.