People v Harrell (2019 NY Slip Op 00320)





People v Harrell


2019 NY Slip Op 00320


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2014-01441
 (Ind. No. 8130/10)

[*1]People of State of New York, respondent,
v
Melvin Harrell, appellant.


Janet E. Sabel, New York, NY (Jeffrey Dellheim of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Patricia DiMango, J.), dated February 6, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to sexual abuse in the first degree. Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA), the Supreme Court granted the People's application for an upward departure from the defendant's presumptive risk level one designation, and designated him a level three sex offender. On appeal, the defendant contends that the court should have denied the People's application for an upward departure.
Where, as here, the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861; People v Cooper, 150 AD3d 773, 774; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the People presented clear and convincing evidence that the defendant, who had sexually assaulted the complainant, also physically restrained the complainant so that the defendant's accomplices could sexually assault the complainant. We agree with the Supreme Court's determination that the defendant's conduct constituted an aggravating factor not adequately taken into account by the SORA guidelines (see People v Henry, 91 AD3d 927). We also agree with the Supreme Court's determination that the totality of the circumstances warranted a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
The defendant's remaining contention is unpreserved for appellate review (see People v James, 134 AD3d 917, 917-918) and, in any event, without merit (see People v Lashway, 25 NY3d 478, 484; People v James, 134 AD3d at 918).
Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure.
DILLON, J.P., ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court