People v Connolly (2020 NY Slip Op 05955)





People v Connolly


2020 NY Slip Op 05955


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-11772

[*1]People of State of New York, respondent,
v
James G. Connolly, appellant. Marianne Karas, Thornwood, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Rebecca L. Abensur and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), dated September 17, 2019. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing held pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court granted the People's application for an upward departure from risk level one to risk level two.
"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines'" (People v Richardson, 101 AD3d 837, 838, quoting SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). The aggravating factor "must tend to establish a higher likelihood of reoffense or danger to the community," and "the People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Wyatt, 89 AD3d 112, 123; see Correction Law § 168-n[3]). "When the People have met this burden, the court must then 'exercise its discretion by weighing the aggravating and any mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d 1004, 1005, quoting People v Gillotti, 23 NY3d 841, 861).
Contrary to the defendant's contention, the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the SORA Guidelines, namely, that the defendant arranged to perform sexual acts with a six-year-old child and actually showed up at the designated meeting place, reflecting his intent to perform those sexual acts with the child, but was thwarted by a male individual who entered the room (see People v Kent, 175 AD3d 561, 563; People v Robinson, 150 AD3d 775; People v Cooper, 150 AD3d 773; People v Widom, 143 AD3d 688, 689; People v DeDona, 102 AD3d 58, 68-69).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure to risk level two.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court