People v Truelove (2021 NY Slip Op 00607)





People v Truelove


2021 NY Slip Op 00607


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

530724

[*1]The People of the State of New York, Respondent,
v
Paul Truelove, Appellant.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (McNally Jr., J.), entered June 10, 2019 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to criminal sexual act in the second degree (two counts), attempted criminal sexual act in the second degree and endangering the welfare of a child and was sentenced to three years in prison, followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument designating defendant as a presumptive risk level three sex offender (120 points), which the People adopted. Following a hearing, Supreme Court reduced defendant's total risk factor score to 110 points, still within the presumptive risk level three classification. Defendant appeals.[FN1]
We affirm. Contrary to defendant's contention, we find that he was properly assessed 15 points for drug or alcohol abuse under risk factor 11. Such an assessment is proper "if an offender has a substance abuse history or was abusing drugs [and/or] alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). There is evidence in the record that defendant was abusing alcohol at the time of the offenses, as reflected in the victim's grand jury testimony and the case summary. Moreover, the record reflects that defendant has a prior conviction for driving while ability impaired by alcohol and he was found to be in the "[p]roblem [u]se" range in the alcohol screening test administered by the Department of Corrections and Community Supervision, resulting in him being referred to the Department's alcohol and substance abuse treatment program. In light of the foregoing, the assessment of points for this risk factor was supported by clear and convincing evidence in the record (see People v Simons, 157 AD3d 1063, 1064 [2018]; People v Woods, 128 AD3d 933, 934 [2015]; People v Rhodehouse, 77 AD3d 1032, 1033 [2010], lv denied 16 NY3d 701 [2011]).
Defendant also contends that he should have been granted a downward departure due to his claim that the length of time between his prior sex crime, a crime for which he was assessed 30 points under risk factor 9, and his current sex crime is not accounted for in the risk assessment instrument. However, as he did not raise this issue or request this relief before Supreme Court, it is not preserved for our review (see People v Allen, 177 AD3d 1224, 1224 [2019]; People v Rupnarain, 123 AD3d 1387, 1388 [2014]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although Supreme Court did not set forth its findings of fact and conclusions of law in its written order (see Correction Law § 168-n [3]), remittal is unnecessary as "the court made oral findings and conclusions that are clear, supported by the record and sufficiently detailed to permit intelligent review" (People v Lavelle, 172 AD3d 1568, 1569 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 909 [2019]; see People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]).