People v Wassilie (2022 NY Slip Op 00103)





People v Wassilie


2022 NY Slip Op 00103


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

533513
[*1]The People of the State of New York, Respondent,
v
Sam Wassilie, Appellant.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Angela Kelley, Albany, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Columbia County (Koweek, J.), entered April 13, 2021, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2015, defendant pleaded guilty to 10 counts of unlawful surveillance in the second degree and was sentenced to a maximum aggregate prison term of 2&frac13; to 7 years. The charges stem from defendant's conduct between November 2012 and October 2014 in surreptitiously using an imaging device to view, broadcast or record women and children in public bathrooms and other private areas without their knowledge or consent. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (90 points). At the ensuing hearing, the People offered into evidence the Board's risk assessment instrument with the attached case summary. Noting that it had presided over the plea proceeding and had, just prior to the hearing, reviewed that file and the presentence investigation report, County Court assessed defendant an additional 20 points under risk factor 4 (duration of offense conduct with victim: continuing course of sexual misconduct with the victim) and 10 points under risk factor 10 (recency of prior felony or sex crime), resulting in a presumptive risk level three sex offender classification (120 points). The court designated defendant as a level three sex offender and declined his request for a downward departure. Defendant appeals.[FN1]
Initially, as the People concede and our review of the record confirms, County Court erred in assessing points under risk factors 4 and 10. The assessment of points under risk factor 4 is warranted where a defendant has engaged in "either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [emphases added]). For purposes of risk classification, the Penal Law definition of terms is used (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]). The record does not reflect that defendant's crimes of conviction, for unlawful surveillance in the second degree (see Penal Law § 250.45 [1], [3] [a]), involved any form of sexual contact (see Penal Law § 130.00 [3]). In the absence of any record evidence that defendant engaged in sexual contact with any victim, 20 points should not have been assessed under risk factor 4 (see People v Carmichael, 192 AD3d 924, 925 [2021]; People v Dilillo, 162 AD3d 915, 916 [2018], lv denied 32 NY3d 905 [2018]; cf. People v Masi, 195 AD3d 1328, 1328-1329 [2021]; People v Snay, 122 AD3d 1012, 1013 [2014[*2]], lv denied 24 NY3d 916 [2015]). Likewise, the record lacks any evidence that defendant had a "prior felony or sex crime" within three years of the unlawful surveillance sex offenses and, thus, the court erred in assessing 10 points under risk factor 10 (see People v Green, 192 AD3d 927, 927 [2021], lv denied 37 NY3d 910 [2021]; People v Williams, 186 AD3d 883, 884 [2020], lv denied 36 NY3d 903 [2020]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]).[FN2]
However, we find that that County Court properly followed the Board's recommendation in assessing five points under risk factor 9 for defendant's criminal history that did not include a felony or sex crime, based upon his conviction for driving while intoxicated. Contrary to defendant's contention, the case summary, which reflects that it was based in part upon his inmate file and the presentence investigation,[FN3] constitutes the requisite reliable hearsay that establishes his criminal history by clear and convincing evidence (see People v Pidel, 195 AD3d 1321, 1322 [2021], lv denied 37 NY3d 915 [2021]). As the assessment of five points in this category is appropriate if a defendant "has any criminal history other than a felony or sex crime" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]; see People v Darrah, 153 AD3d 1528, 1529 [2017]), this assessment was authorized.
Defendant also challenges County Court's assessment of 15 points under risk factor 11 for drug or alcohol abuse. The assessment of points under risk factor 11 is warranted "if an offender has a substance abuse history or was abusing drugs and[/]or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Pidel, 195 AD3d at 1324; People v Williamson, 181 AD3d 1100, 1101 [2020]). There is no indication in the record that drugs or alcohol played a role in defendant's sex crimes (cf. People v Truelove, 191 AD3d 1076, 1077 [2021]), and we agree with defendant that the assertions in the case summary regarding his self-reported alcohol consumption from ages 17 through 22 were too remote in time to support the assessment of points under risk factor 11 at the age of 39 (see People v Palmer, 20 NY3d 373, 376, 378 [2013]; People v Daniel, 196 AD3d 653, 654-655 [2021]; People v Brown, 178 AD3d 1167, 1167-1168 [2019]). However, the case summary further reflects that a February 2018 substance abuse treatment admission and comprehensive evaluation resulted in a diagnostic impression of "Alcohol Use, Severe," following which defendant was referred to and participated in an alcohol and substance abuse treatment program (cf. People v Kowal, 175 AD3d 1057, 1058 [2019]). "Alcohol and drug abuse are highly associated with sex offending" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Williamson, 181 AD3d at 1101). Given this identified need [*3]for treatment while incarcerated and his criminal conviction for driving while intoxicated, we find that the assessment of points for this risk factor is supported by clear and convincing evidence in the record (see People v Truelove, 191 AD3d at 1077).
Subtracting 30 points from County Court's assessment of defendant's score of 120 leaves him with a score of 90, placing him in the classification of a presumptive risk level two sex offender. As the People expressly declined to seek an upward modification at the hearing,[FN4] County Court's order must be reversed and defendant must be classified as a risk level two sex offender.
Garry, P.J., Lynch and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.



Footnotes

Footnote 1: Defendant's prior appeal was dismissed due to the absence of an appealable order signed by County Court (193 AD3d 1193 [2021]). In the record now before us, the final page of the hearing transcript constitutes an appealable paper in that it bears a so-ordered provision and is signed and dated by County Court (see CPLR 5512 [a]; Cloke v Findlan, 165 AD3d 1545, 1546 n 2 [2018]; Bellizzi v Bellizzi, 82 AD3d 1541, 1542-1543 [2011]).

Footnote 2: Defendant's convictions in November 2017 in Massachusetts (for videotaping unsuspecting adults and children in September 2014) did not constitute a prior conviction with regard to the instant 2015 sex convictions. Moreover, as defense counsel argued at the hearing, those convictions were vacated and a new trial ordered on some of the counts, the status of which has not be disclosed to this Court (see Commonwealth v Wassilie, 482 Mass 562 [2019]). Further, the record reflects that defendant's 1995 conviction for driving while intoxicated in New York was a misdemeanor not a felony and was not within three years of the instant sex offenses and, similarly, his 2010 Vermont conviction for operating a vehicle without the owner's consent was not established to be a felony or within three years.

Footnote 3: To the extent that defendant now complains that County Court considered his inmate file and the presentence investigation although they were not submitted into evidence by the People, no objection was raised at the hearing and, thus, this claim is unpreserved for our review (see People v Windham, 10 NY3d 801, 802 [2008]).

Footnote 4: We are mindful that the People expressly declined to seek an upward modification only after County Court indicated that it had reached a presumptive risk level three score. Nonetheless, in order to preserve a claim for an upward departure, the People were required to make a request for an upward modification at some point in order to require a remittal upon this Court's points reduction to a presumptive risk level two classification. Notably, the People agree that defendant should be reclassified as a risk level two sex offender.