People v Mikalonis (2022 NY Slip Op 00078)





People v Mikalonis


2022 NY Slip Op 00078


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

111221
[*1]The People of the State of New York, Respondent,
v
Daniel Mikalonis, Appellant.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Ruth Boyer, Public Defender, Kingston (Carly Burkhardt of counsel), for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 25, 2019, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the second degree.
Defendant was charged in a 13-count indictment with seven counts of rape in the second degree and other crimes stemming from his two-year sexual relationship with the victim, beginning when she turned 14 years old and he was 24 years old. During that time, defendant had a business relationship with the victim's family and often stayed in their home. Following the denial of defendant's suppression motions, on the day scheduled for trial, defendant agreed to enter a guilty plea to criminal sexual act in the second degree as charged in count 8 of the indictment. Although the People were willing to accept a prison sentence of five years with 10 years of postrelease supervision (hereinafter PRS), defendant entered his guilty plea with the express understanding that County Court would impose a prison term of seven years to be followed by 10 years of PRS. The court indicated that it would not consent to a plea to a single count in satisfaction of all charges unless it imposed the maximum sentence thereon, making clear its sentencing intention. The plea agreement also required that defendant waive his right to appeal. Pursuant to that agreement and understanding, defendant pleaded guilty to criminal sexual act in the second degree and orally waived his right to appeal and signed a written waiver of appeal. The court thereafter imposed the contemplated prison sentence of seven years with 10 years of PRS. Defendant appeals.
We affirm. Defendant argues that County Court exceeded its authority and abused its discretion in not approving the People's plea offer of a five-year prison term to be followed by 10 years of PRS. We disagree. "A trial court is not required to accept every offer of a plea merely because the defendant wishes to enter a plea and [the court] may reject a plea offer in the exercise of sound judicial discretion" (People v Apelles, 185 AD3d 1298, 1298 [2020], lv denied 35 NY3d 1092 [2020] [internal quotation marks and citations omitted]). Contrary to defendant's contention, "[t]he fact that a plea bargain has been found acceptable to both the prosecution, [the victim] and [the] defense does not compel its acceptance by the trial court" (id. [internal quotation marks and citation omitted]). Here, County Court explained its reasons for conditioning its acceptance of a guilty plea on a lengthier sentence than the People had most recently proposed, namely, the nature of the charged conduct, its impact on the victim and the need to protect the community (see CPL 220.10 [4] [a]). More to the point, defendant was advised of and accepted the plea terms deemed acceptable to the court, prior to pleading guilty. Given that it was ultimately the sentencing court's responsibility to determine an appropriate sentence in the exercise of [*2]its discretion, considering all of the relevant circumstances (see People v Farrar, 52 NY2d 302, 305-306 [1981]; see also People v Avery, 85 NY2d 503, 506-507 [1995]; People v Seaberg, 74 NY2d 1, 8 [1989]), it cannot be said that the court exceeded its authority or abused its discretion.
Defendant further challenges the sentence as harsh and excessive. Although he does not challenge as invalid any aspect of the waiver of appeal itself, he argues that his appeal waiver does not preclude this challenge because it was made only in connection with the People's more favorable plea offer. However, the record belies that claim. The plea proceedings reflect that, at the time defendant waived his right to appeal and signed a written appeal waiver in open court, he had been fully informed on the record by County Court of the plea terms to which the court had agreed including the sentence that would be, and was, imposed. Defendant's waiver of appeal was in no sense tied to the People's plea offer. Accordingly, defendant's substantively unchallenged waiver of appeal precludes this claim (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Backburn, 164 AD3d 960, 962 [2018]). Defendant's remaining claims similarly lack merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.