People v LeBlanc (2022 NY Slip Op 04681)

People v LeBlanc

2022 NY Slip Op 04681

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

533638
[*1]The People of the State of New York, Respondent,
v
Russell R. LeBlanc, Appellant.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Joseph A. Ermeti, Public Defender, Delhi (George V. Collins III of counsel), for appellant.
John L. Hubbard, District Attorney, Delhi (Shawn J. Smith of counsel), for respondent.

Fisher, J.
Appeal from an order of the County Court of Delaware County (Northrup Jr., J.), entered August 6, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2017, defendant pleaded guilty to rape in the third degree (see Penal Law § 130.25 [1]) and was sentenced to a prison term of four years to be followed by five years of postrelease supervision. In anticipation of his release from prison, in 2020, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that presumptively classified him as a risk level three sex offender based upon his total score of 120 points. Defendant was scored as having accepted responsibility for his crime based upon his guilty plea and completion of sex offender treatment while incarcerated. Yet, in the case summary accompanying the RAI, the evaluator indicated that "[County] Court may wish to reassess this factor" based upon defendant's earlier denial of any sexual encounter with the victim in the preplea report. Following a hearing, County Court classified defendant as a risk level three sex offender with a total score of 110 points. Though not assessing any points under risk factor 7 (relationship to victim) where the RAI had assessed 20 points, the court assessed 10 points under risk factor 12 (acceptance of responsibility) where the RAI had not. Defendant appeals.
The People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" in establishing risk level classification under SORA (Correction Law § 168-n [3]; accord People v Harvey, 202 AD3d 1296, 1296-1297 [2022]). Defendant challenges County Court's assessment of 10 points under risk factor 12 (acceptance of responsibility). In assessing points under this risk factor, "the Board or [the] court should examine the offender's most recent credible statements and should seek evidence of genuine acceptance of responsibility" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). During the preplea investigation, defendant "adamantly denied" engaging in sexual intercourse with the victim, and he further claimed that they were just holding hands and that she told him she was 17. These exculpatory statements "constitute clear and convincing evidence of defendant's failure to accept responsibility" (People v Colsrud, 155 AD3d 1601, 1601 [2017] [internal quotation marks and citation omitted]). Although after making these statements defendant pleaded guilty and has successfully completed a sex offender treatment program, "which may constitute evidence of his acceptance of responsibility" (People v Current, 147 AD3d 1235, 1238 [2017]; see People v Richardson, 197 AD3d 878, 880 [2021], lv denied 37 NY3d 918 [2022]), defendant has never directly contradicted his original statements [*2]including in his letter to the Board of Examiners of Sex Offenders in which he "expressed that he has made very poor choices and decisions in his life" but does not appear to have directly accepted responsibility. Further, defendant did not make any statements accepting responsibility at the SORA hearing and continued to equivocate on the circumstances leading up to his commission of the offense. Thus, we find that the record amply supports County Court's conclusion that defendant failed to genuinely accept responsibility for his actions and its assessment of 10 points under this risk factor (see People v DePerno, 165 AD3d 1351, 1352-1353 [2018], lv denied 32 NY3d 915 [2019]; People v Vasquez, 149 AD3d 1584, 1585 [2017], lv denied 29 NY3d 916 [2017]; People v Askins, 148 AD3d 1598, 1598-1599 [2017], lv denied 29 NY3d 912 [2017]; see generally People v Solomon, 202 AD3d 88 [2021], lv denied 38 NY3d 906 [2022]).
Defendant also takes issue with the assessment of 15 points under risk factor 11 (drug or alcohol abuse). The guidelines provide for the assessment of "15 points if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). The evidence demonstrates that defendant has not only abused drugs and alcohol in the recent past but, in addition, he was abusing them when he committed prior criminal acts, including those underlying defendant's guilty plea to endangering the welfare of a child.[FN1] As the victim's statement and the case summary, which constitute reliable hearsay, provide clear and convincing evidence that defendant was abusing drugs and alcohol at the time of the instant offense, the assessment of 15 points under this risk factor is supported (see People v Courtney, 202 AD3d 1246, 1248 [2022]; People v Smith, 199 AD3d 1188, 1190 [2021]; People v Truelove, 191 AD3d 1076, 1077 [2021]; compare People v Wassilie, 201 AD3d 1117, 1119 [2022], lv dismissed 37 NY3d 1172 [2022], lv denied 38 NY3d 907 [2022]). Based on the foregoing, County Court properly assessed 110 points and classified defendant as a risk level three sex offender (see generally People v Odell, 197 AD3d 1364, 1365 [2021], lv denied 37 NY3d 918 [2022]).
Egan Jr., J.P., Lynch, Pritzker and Ceresia, JJ., concur. ordered that the order is affirmed, without costs.

Footnotes

Footnote 1: This prior conviction was based upon a 2014 incident wherein defendant engaged in sexual intercourse with a 16-year-old female victim, resulting in her pregnancy.