People v Roubik (2024 NY Slip Op 04847)

People v Roubik

2024 NY Slip Op 04847

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

534246
[*1]The People of the State of New York, Respondent,
v
Scott J. Roubik, Appellant.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Craig Meyerson, Peru, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Lynch, J.
Appeal from an order of the County Court of Broome County (Kevin P. Dooley, J.), entered May 20, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant pleaded guilty to two reduced charges of criminal sexual contact in the fourth degree in New Jersey, was sentenced to time served (321 days) and was later discharged from parole supervision (see NJSA 2C:14-3 [b]; 2C:14-2 [c]). The guilty plea satisfied a 12-count indictment stemming from allegations that defendant and his spouse subjected a male relative of defendant (hereinafter victim A) and a female friend of victim A (hereinafter victim B), both under age 16, to sexual abuse on numerous occasions between 2008 and 2010. Defendant was classified in New Jersey as a level two sex offender and, when he relocated to New York, he was required to register as a sex offender based upon those offenses. The Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned defendant a total of 105 points, presumptively classifying him as a risk level two sex offender. At the SORA hearing, the People adopted the Board's RAI but asked County Court to add points under risk factor 11 for alcohol use during the crimes. The court adopted the Board's RAI assessment and added 15 points under risk factor 11, for a score of 120, a presumptive risk level three. The court denied defendant's request for a downward departure and classified him as a risk level three sex offender. Defendant appeals.
The People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" in establishing a risk level classification under SORA (Correction Law § 168-n [3]; accord People v Harvey, 202 AD3d 1296, 1296-1297 [3d Dept 2022]).With regard to defendant's challenges to the assessment of points under risk factors 1 (use of forcible compulsion) and 2 (sexual contact with the victims), defendant points to the fact that his guilty plea was to reduced charges that only involved an admission to knowingly allowing the victims, who were between the ages of 13 and 16, to observe his sexual activity with his wife. However, under well-settled principles, County Court "was not limited to the crime[s] to which defendant pleaded guilty but could, instead, consider reliable hearsay evidence in the record" (People v Ortiz, 217 AD3d 1290, 1291 [3d Dept 2023] [internal quotation marks and citations omitted]; see People v Eaglin, 227 AD3d 1283, 1284 [3d Dept 2024]). This includes "[c]ase summaries and presentence reports [that] are prepared with the knowledge that they will be relied on by courts [and, further, n]o foundation is necessary for their consideration at SORA hearings because such documents are created under statutory mandates and their origins and function are well-known to SORA courts[*2]" (People v Mingo, 12 NY3d 563, 573 [2009]; see Correction Law §§ 168-d [3]; 168-n [3]). County Court properly relied on the case summary, which was based upon New Jersey court records and presentence reports and included the victims' accounts of the protracted sexual crimes perpetrated by defendant and his wife as recounted during interviews with law enforcement (see People v Fredenburg, 226 AD3d 1268, 1269 [3d Dept 2024]). Victim A recounted that, over the course of several years beginning when he was 14 years old, defendant and his wife subjected him to, among other sexual contact, oral sexual conduct and sexual intercourse with the wife. Victim A also recounted a circumstance in which defendant "convinced [him] to engage in sex." Victim B reported that, on at least one occasion, defendant pinned her down on a bed while his wife sat on her legs and they forcibly subjected her to sexual contact, notwithstanding her request that they stop. Given the foregoing, clear and convincing evidence was presented to support the court's finding that defendant used forcible compulsion on victim B for which he was properly assessed 10 points under risk factor 1 and that he had the requisite sexual contact with victim A so as to support the assessment of 25 points under risk factor 2 (see People v Green, 201 AD3d 1137, 1138 [3d Dept 2022], lv denied 38 NY3d 906 [2022]; see also Penal Law § 130.00).
Defendant's challenge to the assessment of 15 points under risk factor 11 for drug or alcohol abuse centers on his argument that he had no history of drug or alcohol abuse and no positive drug screening while on parole. He also noted that the Board did not assign points on the RAI under factor 11. However, the guidelines provide for the assessment of "15 points if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). Victim A's account established that defendant provided him with alcohol to induce his acquiescence to the sexual activity and that defendant and his wife consumed alcohol during several of the sexual offenses. Defendant's conduct in using alcohol, a known disinhibitor, during the commission of these crimes supported the assignment of points under risk factor 11 (see People v LeBlanc, 207 AD3d 966, 968 [3d Dept 2022]; People v Truelove, 191 AD3d 1076, 1077 [3d Dept 2021]). Further, defendant denied engaging in any form of sexual activity with the victims when questioned by police and in his 2014 presentence interview, claiming that the allegations had been fabricated out of anger. Although defendant completed sex offender treatment, he continued to deny committing any sex offenses against the victims when evaluated in 2018 and in a 2020 letter to the Board. He did not make statements accepting any responsibility for his abuse of the victims at the SORA hearing, fully supporting the imposition of 10 points under risk [*3]factor 12 for failure to accept responsibility (see People v Adams, 216 AD3d 1376, 1377-1378 [3d Dept 2023], lv denied 40 NY3d 904 [2023]; People v LeBlanc, 207 AD3d at 967-968).
Defendant further contends that County Court abused its discretion in denying his request for a downward departure to a risk level one classification. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Jones, 226 AD3d 1265, 1267 [3d Dept 2024] [internal quotation marks and citations omitted]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (id. [internal quotation mark and citation omitted]; see People v Weber, 40 NY3d 206, 210 [2023]).
At the SORA hearing, defendant relied on a letter from his parole officer that he had been compliant with parole and sex offender conditions, had no positive drug tests, maintained employment and a stable residence and successfully complete sex offender counseling in 2015. He further relied upon a 2018 psychological assessment that placed him at low risk for reoffending based upon alternative assessments and evaluation methods other than the RAI. County Court denied the requested downward departure, finding that he had not demonstrated that mitigating factors were present that were not adequately considered in the RAI and that his positive postoffense conduct had been factored into his assessment score; for example, no points were scored under risk factor 13 for conduct while supervised on parole. Moreover, as the court noted, additional testing and an alternative evaluation or assessment do not, standing alone, "necessarily establish a mitigating factor" (People v Waterbury, ___ AD3d ___, 2024 NY Slip Op 04169, *2 [3d Dept 2024]; see People v Guilianelle, 206 AD3d 1311, 1313 [3d Dept 2022]). Given the totality of circumstances and the aggravating factors reflected in the record, including the egregious nature of defendant's conduct, we discern no abuse of discretion in the denial of his request for a downward departure and his classification as a risk level three sex offender (see People v Jones, 226 AD3d at 1267-1268; People v Salerno, 224 AD3d 1016, 1017-1018 [3d Dept 2024]; compare People v Waterbury, 2024 NY Slip Op at *3-4).
Garry, P.J., Pritzker, Fisher and Powers, JJ, concur.
ORDERED that the order is affirmed, without costs.