People v Mikalonis
2026 NY Slip Op 03210
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Daniel Mikalonis, Appellant.

Decided and Entered:May 21, 2026
CV-25-0723
Calendar Date: April 28, 2026
Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

John T. Casey Jr., Troy, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

[*1]
Mackey, J.
Appeal from an order of the County Court of Ulster County (James Farrell, J.), entered January 28, 2025, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to criminal sexual act in the second degree, admitting that he engaged in sexual intercourse with the victim beginning in July 2014, when the victim was 13 years old, continuing until September 2017, and he was sentenced to seven years in prison, to be followed by 10 years of postrelease supervision (see People v Mikalonis, 201 AD3d 1039 [2022]). In anticipation of his release, the Board of Examiners of Sex Offenders prepared a case summary and risk assessment instrument that presumptively classified defendant as a risk level two sex offender (80 points) under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), with which the People agreed. Prior to the scheduled hearing, County Court was informed that the People and defendant had agreed to a stipulation that defendant be classified as a risk level one sex offender. County Court advised the parties that an in-person hearing on defendant's classification would still be held. Following the hearing, County Court classified defendant as a risk level two sex offender (80 points) and denied defendant's request for a downward departure. Defendant appeals.
"The People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence' in establishing a risk level classification under SORA" (People v Roubik, 231 AD3d 1210, 1210 [3d Dept 2024] [citation omitted], quoting Correction Law § 168-n [3]). Defendant challenges the assessment of 15 points under risk factor 11 (history of drug or alcohol abuse). "The assignment of points under risk factor 11 is warranted 'if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense' " (People v Williamson, 181 AD3d 1100, 1101 [3d Dept 2020], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Palmer, 20 NY3d 373, 378 [2013]). According to information in the presentence report, the case summary and Department of Corrections and Community Supervision (hereinafter DOCCS) intake sheets, defendant began using marihuana at age 15 and continued using it on a "frequent daily basis" up until two days before his presentence interview with the Department of Probation, encompassing the time of the offense. Defendant further stated that marihuana was "involved" when he was arrested. As a result, defendant was diagnosed with cannabis use disorder and referred to DOCCS's alcohol and substance abuse treatment program. "Defendant's use of drugs prior to and after [his] sex offense was not in the distant past or excessively remote, his daily use of marijuana was akin to habitual rather than merely social or occasional use and his apparent abstinence while in prison is not necessarily [*2]predictive of his behavior when no longer under such supervision" (People v McDermott, 230 AD3d 1484, 1485-1486 [3d Dept 2024] [internal quotation marks and citations omitted]). "Moreover, notwithstanding the current qualified legality of marihuana, this does not alter the conclusion that, as with alcohol, the abuse of these substances is 'highly associated with sex offending' and 'serves as a disinhibitor and therefore is a precursor to offending' " (id. [citation omitted], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024]). In light of the foregoing, County Court's assessment of 15 points is supported by clear and convincing evidence (see People v McDermott, 230 AD3d at 1486; People v Salerno, 224 AD3d at 1017; People v LeBlanc, 207 AD3d 966, 968 [3d Dept 2022]).
Defendant also argues that a downward departure is warranted due to his successful participation in sex offender treatment. "A defendant seeking a downward departure must demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Bellinger, 233 AD3d 1331, 1333 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; accord People v Pribble, 244 AD3d 1420, 1421 [3d Dept 2025]). As relevant here, "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). In support of his argument, defendant submitted the monthly evaluations prepared by his instructor in his Sex Offender Counseling and Treatment Program. In the six monthly evaluations, defendant was awarded 95 out of a maximum of 96 points available, placing him in the "highly motivated" classification for each month, the highest category. Further, the instructor consistently praised defendant's participation, including comments that defendant "continues to engage positively in program [and] exceed all program standards," "continues to excel in program" and "continues to meet [and] exceed all program standards." Given his nearly perfect score and the positive comments from his instructor, we conclude that defendant has demonstrated, by a preponderance of the evidence, an exceptional response to treatment so as to be a basis for a downward departure (see People v Adams, 216 AD3d 1376, 1378 [3d Dept 2023], lv denied 40 NY3d 904 [2023]). Considering the record as a whole, including defendant's exceptional response to treatment and the People's initial stipulation, we conclude that a downward departure is warranted and classify him as a risk level one sex offender subject to the applicable restrictions for the requisite 20-year period (see generally People v Waterbury, 231 AD3d 201, 208-209 [3d Dept 2024]). In light of this determination, we need not address defendant's remaining arguments[*3].
Garry, P.J., Clark, Fisher and Ryba, JJ., concur.
ORDERED that the order is reversed, on the facts, without costs, and defendant is classified as a risk level one sex offender pursuant to the Sex Offender Registration Act.